**Dwight W. ELLIS, Jr., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 23970.**

United States Court of Appeals,
Ninth Circuit.

Feb. 3, 1971.

Chester M. Howe, of Ely, Bartlett, Brown & Proctor, Boston, Mass., for petitioner-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen & Howard M. Koff, Attys., Dept. of Justice, Richard M. Hahn, Acting Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before TUTTLE,* MERRILL and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant seeks review of a Tax Court decision sustaining the Commissioner's determination of a $4,468.48 deficiency in appellant's gift tax for the year 1963.[1]

The gift was accomplished when appellant, acting as donor, established a trust pursuant to an agreement in contemplation of marriage that he had entered into with the trust beneficiary. Under the agreement the beneficiary waived all support or alimony rights in the event of a legal separation or divorce and agreed not to assert claims against appellant's estate as his widow in the event of his death. Appellant and the beneficiary were married following execution of the agreement and establishment of the trust. They are presently married and there is not pending, nor has there at any time been pending, a legal proceeding concerning a divorce or separation.

The sole question presented on this appeal is whether the amount of the trust corpus in its entirety was properly regarded as a gift.[2] Appellant contends that the amount of the trust transfer subject to taxation should be reduced by the value of the marital rights relin-

---

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Appellant also claimed an overpayment of gift tax in the amount of $19,495.47.

2. Appellant has withdrawn his contention that the gift was not completed because he had retained dominion and control over it.

quished by the trust beneficiary in consideration of the transfer.

We agree with the Tax Court that under Arizona law antenuptial agreements such as this are void. *See* In re Mackevich's Estate, 93 Ariz. 129, 133, 379 P. 2d 119, 122 (1963). Thus no rights were effectively waived and no consideration at all was given by the trust beneficiary.

Judgment affirmed.